UNITED STATES of America, Appellee,

v.

Eugene ENGLEBRECHT, Appellant.

No. 90–1066.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 15, 1990.

Decided Oct. 24, 1990.

---

4. The record indicates that the miner engaged in coal mine employment for sixteen years.

Mark Meyer, Cedar Rapids, Iowa, for appellant.

Richard Murphy, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Eugene Englebrecht appeals from his conviction of one count of manufacturing and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), one count of conspiracy to manufacture and possess marijuana with intent to distribute in violation of 21 U.S.C. § 846, and five counts of laundering monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Englebrecht raises three issues on appeal. First, he claims that a warrantless search of vehicles at his home eight days after his arrest violated the Fourth Amendment, contending that evidence uncovered by the warrantless search should have been suppressed. Second, he argues that the district court erroneously admitted into evidence photographs of Englebrecht posing by marijuana plants. Finally, he contends that the district court improperly increased his base offense level by two levels for possession of a firearm during commission of a drug offense under the Sentencing Guidelines. After considering each of Englebrecht's claims, we affirm the district court's decision.

■ Englebrecht argues that a police officer conducted a warrantless search without first obtaining his consent or the consent of an authorized individual; this warrantless search produced evidence which supported the money laundering charges. Englebrecht operated an automobile salvaging business out of his home, and these vehicles were the subject of the contested search. An individual who had been living in the same farmhouse with as well as working for Englebrecht consented to the search of the vehicles, which were parked near the farmhouse. Englebrecht claims that his cohabitant/employee did not have the authority to consent to the search. Based on *Matlock v. United States*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974) and *Illinois v. Rodriguez*, 497 U.S.

———, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990), we disagree.

*Matlock* established that consent "obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected" justified a warrantless search. *Matlock,* 415 U.S. at 171, 94 S.Ct. at 993. According to *Matlock,* common authority arises from "mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the coinhabitants [sic] has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." *Matlock,* 415 U.S. at 171, n. 7, 94 S.Ct. at 993, n. 7. *Rodriguez* refined this standard, holding that "determinations of consent to enter must 'be judged against an objective standard: would the facts available to the officer at the moment ... warrant a man of reasonable caution in the belief' that the consenting party had authority over the premises? *Terry v. Ohio,* 392 U.S. 1, 21–22 [88 S.Ct. 1868, 1879–1880, 20 L.Ed.2d 889] (1968)." *Rodriguez,* 497 U.S. at ———, 110 S.Ct. at 2801, 111 L.Ed.2d at 161.

■ ■ Englebrecht next contends that photographs of him posing next to marijuana plants should not have been admitted into evidence. Again, we disagree. According to Englebrecht, no competent evidence established the time at which or place where the pictures had been taken. Federal Rule of Evidence 901 governs this claim, stating that the "requirement of authentication ... is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). Evaluating the sufficiency of a showing of a photograph's authenticity rests with the trial court's discretion, and its determination will not be overturned absent a clear abuse of discretion. *United States v. Rembert,* 863 F.2d 1023, 1027 (D.C.Cir.1988) (citations omitted). We find no such abuse here.

At trial, the government claimed that the photographs in question showed Engle-

brecht standing in his marijuana crop sometime in 1988, the time during which the conspiracy was alleged to have occurred. The only facts in dispute were the time and place at which the photos were taken. The photos were found during the search of Englebrecht's home on the day of his arrest. One of Englebrecht's drug customers testified that Englebrecht had shown him the photos. The drug customer also testified that Englebrecht boasted that he owned the pictured marijuana crop. A detective testified that the background in the photographs matched an area of the farm next to the one on which Englebrecht lived. Another of Englebrecht's customers testified that Englebrecht told him that the marijuana in the pictures was grown in 1988, and that 1988 was the only year during which Englebrecht grew marijuana. This testimony adequately establishes that the photographs picture what the government claims. *See United States v. Blackwell,* 694 F.2d 1325, 1330 (D.C.Cir.1982) (circumstantial evidence made photographs seized from defendant's hotel room admissible even though no witness could testify as to when, where, or by what process they were taken, or whether they fairly and accurately depicted any particular scene on any particular date); *cf. United States v. Kandiel,* 865 F.2d 967, 973–74 (8th Cir. 1989) (tape recordings found in defendant's possession were admissible without showing of origin, method, or time of recording since contents of the tapes made references to people, places, and activities that were corroborative of other testimony in the record).

■ Englebrecht's final claim arises from the district court's conclusion that he used a firearm in the course of the conspiracy to grow and distribute marijuana. As Englebrecht acknowledges in his brief, because of the manner in which the money laundering convictions and the conspiracy conviction were grouped for sentencing purposes, the district court's finding with regard to the firearm did not directly affect Englebrecht's sentence. Correspondingly, we do not need to address this issue.

Pursuant to the above conclusions, we affirm the district court's decision.