UNITED STATES of America, Appellee,

v.

Jerald A. WRIGHT, Appellant.

UNITED STATES of America, Appellee,

v.

Diane L. McNABB, Appellant.

Nos. 93–3591, 93–3607.

United States Court of Appeals,
Eighth Circuit.

Submitted May 13, 1994.

Decided July 6, 1994.

David Nadler, Cedar Rapids, IA, for Jerald A. Wright.

John L. Lane, Cedar Rapids, IA, for Diane L. McNabb.

Steven M. Colloton, Cedar Rapids, IA, for appellee.

Before LOKEN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Jerald A. Wright and Diane L. McNabb appeal their sentences imposed by the district court[1] after they pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 843, and 846. We affirm.

On February 4, 1993, postal officials intercepted a priority mail package addressed to Wright at his home in Cedar Rapids, Iowa. On February 8, agents executed a search warrant on the package and found two different substances, one of which contained 6.67 grams of 100% pure methamphetamine and the other contained 32.3 grams of 75% pure methamphetamine. Under United States Sentencing Guidelines (U.S.S.G.) § 2D1.1, the quantity of the methamphetamine, based on weight and purity, was 30.9 grams.

On February 9, the package was delivered to the Wright address. McNabb retrieved the package from the mailbox around 1:00 p.m. Wright arrived home about five minutes later and they left the house. At 1:25 p.m., agents executed a search warrant on the house. The agents found twenty-seven weapons, including, in appellants' bedroom, a .44 Magnum revolver, a .22 Colt pistol with ammunition and a shotgun in an unlocked case which also contained marijuana. The agents found McNabb and Wright in the garage. Although the agents found the packaging material, the agents could not find the contents. McNabb at first denied knowing anything about the package's contents, but admitted she had sold methamphetamine for Wright in 1991. Wright also denied knowing anything about the contents, but stated that McNabb had used and sold methamphetamine and that he had loaned her $400.00 to $600.00, which was one-half the cost of the methamphetamine, and had loaned her money every other month to buy methamphetamine. Agents again searched and interviewed McNabb. They found the methamphetamine from the package under her armpits. McNabb then told them that she ordered the drug from friends in California and that she owed $1000.00 for this shipment. She stated she had received about six other shipments of methamphetamine in the same manner for which she had paid the same price, but believed that the seized package looked larger than the other packages. In a later written statement McNabb stated she had received between three and six other packages.

The Presentence Report (PSR) recommended a base offense level of 28 based on 40 to 70 grams of methamphetamine. The PSR also recommended a two-level enhancement for possession of a weapon during the offense. Wright and McNabb did not object to the base offense level, but objected to the firearm enhancement. The government objected to the base offense level, contending it should be 32 based on a quantity of 100 grams or more of methamphetamine. The government asserted that quantity could be inferred from McNabb's statement that, in addition to the seized package containing 30.9 grams of methamphetamine, she had received three to six other packages for which she had paid the same price.

At the sentencing hearing the government introduced express mail labels of packages mailed to the Wright address from fictitious addresses in San Bernardino, California in September and November of 1991, but did not present any testimony. Wright presented the testimony of his brother, Larry Wright, who stated that he owned the .44 Magnum revolver and had intended to use it for hunting. He also stated that his brother was a gun collector.

The district court found that the conspiracy involved more than 100 grams of methamphetamine. The court calculated the quantity by noting that the seized package contained 30.9 grams of methamphetamine and that McNabb admitted that she had received three to six other packages for which she had paid the same price. The court also found that the firearm enhancement was warranted. Based on their criminal histories and reductions for acceptance of responsibility, the court sentenced McNabb to 121 months and Wright to 120 months.

---

1. The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa.

On appeal Wright and McNabb challenge the district court's finding that the conspiracy involved more than 100 grams of methamphetamine. They argue the quantity finding is clearly erroneous because it is based on speculation. We disagree. "Where ... the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1, comment. (n. 12). "In making this determination, the court may consider, ... the price generally obtained for the controlled substance" and "similar transactions in controlled substances by the defendant." *Id.* We first note that the district court properly relied on McNabb's admission that she had received at least three other packages of methamphetamine in the same manner for which she paid the same price. *See United States v. Cox,* 985 F.2d 427, 431 (8th Cir.1993) ("The court's approximation—based on Cox's own account of his activities—was not clearly erroneous."). Moreover, even though McNabb stated that she believed the seized package looked bigger, it was reasonable for the court to infer that the unseized packages contained the same amount of methamphetamine as the seized package based on her statement that she paid the same price for the packages. *Cf. United States v. Pugh,* 25 F.3d 669, 676 (8th Cir.1994) (court could approximate weight based on weight of previous deliveries); *United States v. Jonsson,* 15 F.3d 759, 762–63 (8th Cir.1994) (even though courier did not see contents of package, court could infer it contained cocaine where another package containing cocaine was delivered in same manner to same address); *United States v. Carper,* 942 F.2d 1298, 1303 (8th Cir.) (court could infer figures in notes reflected drug sales), *cert. denied,* —— U.S. ——, 112 S.Ct. 614, 116 L.Ed.2d 636 (1991).[2]

McNabb and Wright also challenge the firearm enhancement.[3] Wright argues that the enhancement was unwarranted because some of the guns were part of a collection and others were used for hunting. This argument is without merit. The firearms enhancement "should be applied if [a] weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n. 3). Here, it is not improbable. Handguns and ammunition were found in appellants' bedroom and marijuana was found in a case with a shotgun. *See United States v. Rowley,* 975 F.2d 1357, 1363 (8th Cir.1992) (firearm enhancement warranted based on unloaded pistol in bedroom even though defendant had "many hunting weapons"). McNabb argues that the enhancement was unwarranted because she was not living at Wright's home at the time of the arrest. Her argument is without merit. In her objection to the PSR, McNabb only asserted that she was in the process of moving from Wright's home. At a minimum, she had constructive possession of the weapons. *See United States v. Hammer,* 3 F.3d 266, 270 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1121, 127 L.Ed.2d 430 (1994). In any event, Wright's possession of the weapons would justify enhancement of McNabb's sentence. *See United States v. Turpin,* 920 F.2d 1377, 1386 (8th Cir.1990), *cert. denied,* 499 U.S. 953, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991).

Accordingly, the judgments of the district court imposing sentences are affirmed.

---

2. We have considered appellants' other challenges to the district court's approximation, but find they are without merit. In particular, we note that McNabb's reliance on *United States v. Phillippi,* 911 F.2d 149 (8th Cir.1990), *cert. denied,* 498 U.S. 1036, 111 S.Ct. 702, 112 L.Ed.2d 691 (1991), is misplaced. In *Phillippi,* this court held that a courier's testimony about previous drug deliveries was insufficient because it did not establish the amounts of the deliveries. *Id.* at 151. Unlike the present case, in *Phillippi* there was no testimony regarding the price paid for the deliveries.

3. Because we affirm the district court's finding that the conspiracy involved more than 100 grams of methamphetamine, McNabb and Wright are subject to the ten-year mandatory minimum provisions of 21 U.S.C. § 841(b)(1)(A)(viii). The firearm enhancement therefore does not affect Wright's sentence and we need not review his challenge. *See United States v. Englebrecht,* 917 F.2d 376, 378 (8th Cir.1990), *cert. denied,* 499 U.S. 912, 111 S.Ct. 1120, 113 L.Ed.2d 228 (1991). However, we will review it along with McNabb's challenge.