**UNITED STATES of America, Appellee,**

v.

**Jerry Lee NEWTON, Appellant.**

No. 93–3889.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1994.

Decided July 18, 1994.

David G. Thinnes, Cedar Rapids, IA, argued, for appellant.

Steven M. Colloton, Asst. U.S. Atty., Cedar Rapids, IA, argued, for appellee.

Before LOKEN, Circuit Judge, ROSS and JOHN R. GIBSON, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Appellant Jerry Lee Newton appeals from his conviction of using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). He also challenges various testimony presented at trial and contends that the district court[1] improp-

erly calculated the drug quantity in making its sentencing determination. We affirm.

The evidence at trial showed that between November 24, 1992, and March 16, 1993, appellant sold methamphetamine on three occasions to Special Agent Sean McCullough of the Iowa Division of Narcotics Enforcement. At the time of the first sale, Agent McCullough observed appellant with additional quantities of methamphetamine, which appellant indicated he was going to sell to other persons.

On April 19, 1993, several law enforcement agencies executed a search warrant at appellant's residence. During the search, the officers discovered approximately 10.53 grams of a mixture or substance containing methamphetamine hidden in appellant's bedroom. The officers also seized various firearms found in the same room as the methamphetamine. Two of these weapons were loaded with hollow point ammunition.

Appellant entered a plea of guilty to Counts 1 through 5, charging him with distribution of methamphetamine and possession of methamphetamine with an intent to distribute. Appellant also pled guilty to Count 6 of the indictment, charging him with possession of a firearm by a person addicted to a controlled substance. He stood trial on Count 7 charging him with using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The jury returned a verdict of guilty on the firearms charge.

On appeal, appellant contends that improper testimony was admitted concerning general characteristics of drug traffickers. Agent McCullough, who has been an agent with the Iowa Division of Narcotics Enforcement for four years and who is a certified firearms instructor for semiautomatic and revolver handguns, testified that drug traffickers often keep firearms in close proximity to drugs and assets in order to protect their drug supply. He further testified that handguns are typically used by drug dealers because they are easy to conceal and that load-

---

1. The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

ed firearms are significant because they are readily accessible. Appellant now argues that this testimony should have been excluded because Agent McCullough did not qualify as an expert, and because the testimony improperly amounted to a "drug courier profile."

This court has previously approved testimony of a narcotics officer concerning the use of firearms by drug traffickers. In *United States v. Boykin*, 986 F.2d 270, 275 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993), the court upheld admission of testimony that drug dealers use guns for protection. The court also approved testimony that "the type of firearms found in [the defendant's] home, their location, and the fact that they were loaded was significant to their usefulness and availability for use in connection with a drug business." *Id.* Further, this court will "allow law enforcement officers to testify as experts about drug-related activities unfamiliar to most jurors." *United States v. Lowe*, 9 F.3d 43, 47 (8th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1229, 127 L.Ed.2d 573 (1994). Here, the district court properly allowed the experienced narcotics investigator to testify as an expert concerning the modus operandi of drug dealers.

■ Appellant also contends the jury verdict finding him guilty of violating 18 U.S.C. § 924(c) is not supported by the evidence. He argues that the seized weapons were part of a gun collection used only for target practice and were not used in connection with an illegal drug activity.

■ Although more than mere possession of a firearm is required for a conviction under section 924(c), the government need not show that the defendant brandished or discharged the weapon. *United States v. Wolfe*, 18 F.3d 634, 637 (8th Cir.1994). Instead, there is sufficient evidence to establish a violation of section 924(c) if the evidence shows that the weapon was "present and available in the house in which the drugs and cash are located, in the event it is needed." *United States v. Simms*, 18 F.3d 588, 592 (8th Cir.1994) (loaded handgun found in bedroom of house in which drugs were seized). *See also United States v. Mejia*, 8 F.3d 3, 5

(8th Cir.1993) (per curiam) (loaded gun found in apartment could be used to protect drugs also found in apartment); *United States v. Boykin, supra*, 986 F.2d at 273–74 (handguns in upstairs bedroom, drugs and cash in downstairs living room and kitchen); *United States v. Jones*, 990 F.2d 1047, 1048–49 (8th Cir.1993) (gun hanging on back of bedroom door adjacent to closet with cash and drugs), *cert. denied*, —— U.S. ——, 114 S.Ct. 699, 126 L.Ed.2d 666 (1994).

The evidence in the present case showed that a loaded AR–15 semiautomatic rifle was found behind the door leading to appellant's bedroom, and a loaded .38–special revolver and a loaded .22 caliber revolver were found inside a dresser drawer in the same bedroom. These weapons were found in the same room in which the methamphetamine was discovered. Two of these weapons were loaded with hollow point ammunition that is designed for self defense and antipersonal use, rather than target practice. This was sufficient evidence for the jury to conclude that the appellant used the firearms during and in relation to a drug trafficking offense.

■ Appellant next asserts that the district court erred in allowing the testimony of ATF Special Agent Jerry Gordon, who testified that the Bureau of Alcohol, Tobacco and Firearms does not recognize the AR–15 to have any legitimate sporting purpose, and that the AR–15 is on a list of weapons that have been barred from importation into the United States. Appellant argues that this testimony left the jury with the false and prejudicial impression that he possessed an illegal weapon. The district court sustained appellant's objection to this testimony and the jury was instructed to disregard it.

Appellant did not at any time move for a mistrial, and accordingly obtained all the relief he sought from his objection. To the extent appellant seeks relief not requested in the district court, this court may review the record only for plain error. *See* Fed. R.Crim.P. 52(b). Based on the other evidence presented establishing appellant's guilt, we conclude there was no plain error in the attempt to introduce this testimony.

Finally, appellant makes several challenges to the drug quantity calculation used to determine his sentence under Count 2 of the indictment which charged him with possession of methamphetamine with intent to distribute. On November 24, 1992, Agent McCullough purchased two eight-ball[2] quantities of methamphetamine from appellant. Agent McCullough stated in his investigative report that during the November 24th transaction appellant indicated that he had eight other eight-balls to sell. It is this methamphetamine which formed the basis of the charge in Count 2.

We review the district court's determination of drug quantity under a clearly erroneous standard. *United States v. Bieri,* 21 F.3d 811, 814 (8th Cir.1994). We will reverse a determination of drug quantity only if the entire record definitely and firmly convinces us that a mistake has been made. *United States v. Simmons,* 964 F.2d 763, 773 (8th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 632, 121 L.Ed.2d 563 (1992). The court may "consider any evidence in its sentencing as long as it has 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Behler,* 14 F.3d 1264, 1273 (8th Cir.1994) (quoting U.S.S.G. § 6A1.3(a)).

■ The appellant first argues the district court improperly relied upon the actual weight of the methamphetamine, rather than the total weight of the mixture or substance containing methamphetamine, which he claims would have yielded a smaller base offense level. The guidelines, however, provide that in the case of a mixture or substance containing methamphetamine, the court is to use the offense level determined by the entire weight of the mixture or substance, "or the offense level determined by the weight of the ... methamphetamine (actual), *whichever is greater."* U.S.S.G. § 2D1.1(c) (emphasis added).

■ Appellant next takes issue with the district court's calculation of the purity level of the unrecovered methamphetamine. Using percentages of purity from the methamphetamine actually seized on November 24, 1992, the court concluded that each eight-ball amounted to 1.2 grams of actual methamphetamine. Although, appellant argues that the exact purity level of the unrecovered eight-balls is impermissibly uncertain, the guidelines do not require an exact computation of the drug quantity. Instead, the guidelines provide that where the amount seized does not reflect the scale of the offense, the court "shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1, application note 12. The court may extrapolate drug quantity from the drugs and money actually seized, *see United States v. Echols,* 2 F.3d 849, 850 (8th Cir.1993), and it may estimate total drug quantity based on evidence that reasonably supports a factual finding. *United States v. Duckworth,* 945 F.2d 1052, 1054 (8th Cir.1991). In making its calculation of the purity level of the drugs in appellant's possession at the time of the November 24th purchase, the district court properly relied on the purity level of the drugs actually seized.

Finally, appellant argues the court erroneously credited Agent McCullough's investigative reports in making its sentencing determination. The reports provide that Agent McCullough purchased two eight-balls from appellant on November 24, 1992, and that appellant told him that he had eight additional eight-balls left.

The district court concluded that appellant was accountable for at least 10 grams, but less than 40 grams, of actual methamphetamine, or a base offense level of 26. *See* U.S.S.G. § 2D1.1(c)(9). The parties agreed at sentencing that appellant was accountable for 7.23 grams of actual methamphetamine based on Counts 1, 3, 4 and 5 to which appellant pled guilty. The only dispute concerned the quantity of drugs involved in Count 2, which charged appellant with possession with intent to distribute approximately 9.6 grams of actual methamphetamine.

While Agent McCullough's report stated that appellant possessed eight additional eight-ball quantities of methamphetamine, appellant asserted at sentencing that he possessed only three additional eight-balls. Even if the district court had ignored Agent

---

**2.** One "eight-ball" equals ⅛ ounce of methamphetamine.

McCullough's statement in the investigative reports and relied wholly on appellant's statement, appellant would remain accountable for possessing in excess of 10 grams of methamphetamine[3], or a base offense level of 26. We find no reversible error in the district court's calculations.

Based on the foregoing, the judgment of the district court is affirmed.

---

**3.** The parties stipulated at sentencing that appellant possessed 7.23 grams relative to Counts 1, 3, 4 and 5. An additional three eight-balls, each containing 1.2 grams of actual methamphetamine as determined by the district court, totals 10.83 grams.