61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Darrel GALLOWAY, Appellant.
 No. 95-1133.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 7, 1995.
Filed: July 17, 1995.
 
 Before FAGG, MAGILL, BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Darrel Galloway appeals his 70-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. Sec. 846. We affirm.
 
 
 2
 Pursuant to a plea agreement, Galloway admitted he was aware of and accountable for 1022 grams of cocaine and 83.5 grams of cocaine base found in a Minneapolis apartment and he was also aware of the presence of a semi-automatic pistol in the apartment. The presentence report (PSR) indicated a two-level enhancement under
 
 
 3
 U.S.S.G. Sec. 2D1.1(b)(1) for possessing a firearm during a drug trafficking crime, and Galloway objected to the enhancement.
 
 
 4
 At sentencing, after hearing testimony from a police officer involved with the case and arguments from counsel, the court imposed the two-level enhancement. The court determined a total offense level of 29, a criminal history category of I, and a Guidelines range of 87 to 108 months. The government made a substantial-assistance downward-departure motion, suggesting departure to a range of 70 to 87 months. The court granted the motion and sentenced Galloway to 70 months imprisonment and five years supervised release.
 
 
 5
 On appeal, Galloway argues the district court erred in imposing the section 2D1.1(b)(1) enhancement because he was a minor participant and the gun was owned by the conspiracy's leader.
 
 
 6
 Section 2D1.1(b)(1) "reflects the increased danger of violence when drug traffickers possess weapons," and the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense." Section 2D1.1, comment. (n.3). For the enhancement to apply, "the government has to prove by a preponderance of the evidence that it is not clearly improbable that the weapon had a nexus with criminal activity." United States v. Richmond, 37 F.3d 418, 419 (8th Cir. 1994), cert. denied, 115 S. Ct. 1163 (1995). We will not reverse a district court's finding that the defendant possessed a firearm for the purposes of section 2D1.1(b)(1) unless it is clearly erroneous. Id.
 
 
 7
 Here, the loaded semi-automatic was found under a cushion in the living room of an apartment where large quantities of drugs were stored and drug dealing occurred. Galloway frequently stayed there, and he had just left the apartment with a quantity of drugs at the time of his arrest. Galloway was aware of the presence of both the drugs and the gun in the apartment, the gun was accessible to him and his co-defendants as they slept in the apartment, and Galloway's role in this drug offense was to serve as a bodyguard and provide protection. In light of these circumstances, we conclude the district court did not clearly err. See United States v. Wright, 29 F.3d 372, 374 (8th Cir. 1994); United States v. Williams, 10 F.3d 590, 595-96 (8th Cir. 1993); United States v. Hammer, 3 F.3d 266, 270 (8th Cir. 1993), cert. denied, 114 S. Ct. 1121 (1994); United States v. Turpin, 920 F.2d 1377, 1386 (8th Cir. 1990), cert. denied, 499 U.S. 953 (1991).
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota