No. 95-2458

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Minnesota.
Robert Joseph Bussey,　　　　　　*　　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　　*


Submitted:　March 22, 1996

Filed:　April 1, 1996


Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.


PER CURIAM.


Robert Joseph Bussey pleaded guilty to distributing methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). In his plea agreement, Bussey stipulated to a specific base offense level which was determined by using the actual weight of D-methamphetamine, and the district court[1] sentenced him to 78 months imprisonment consistent with Bussey's stipulation. Bussey appeals his sentence, and we affirm.

Given that Bussey neither contests the validity of his plea agreement nor seeks to withdraw from it, his challenge to his base offense level is foreclosed. See United States v. Early, No. 95-3283, slip op. at 1-2 (8th Cir. Feb. 23, 1996). We note in any event that Bussey's arguments fail on the merits. The district

---

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

court did not clearly err by finding the government had carried its burden of proof to show the seized substance "was more likely than not D-methamphetamine." <u>United States v. Jennings</u>, 12 F.3d 836, 838 (8th Cir. 1994). Bussey has failed to present any evidence that gas chromatography is unreliable in differentiating between "D" and "L" methamphetamine. <u>See</u> <u>United States v. Bynum</u>, 3 F.3d 769, 773 (4th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 1105 (1994). The district court properly calculated Bussey's base offense level based on the actual weight of the methamphetamine. <u>See</u> U.S.S.G. § 2D1.1(c); <u>United States v. Newton</u>, 31 F.3d 611, 614 (8th Cir. 1994). Finally, the district court did not abuse its discretion by denying Bussey's motion for an expert witness at government expense. <u>See</u> <u>United States v. Janis</u>, 831 F.2d 773, 777-78 (8th Cir. 1987), <u>cert. denied</u>, 484 U.S. 1073 (1988).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.