_____

No. 95-3693

_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  District of Nebraska.
Merle A. Dack, also known as        *       [UNPUBLISHED]
Pete Dack,   *
                                    *
          Appellant.                *

_____

               Submitted:  June 18, 1996

                   Filed:  June 24, 1996

_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

     Merle A. Dack challenges the 63-month sentence imposed by the
district court[1] after he was convicted of conspiring to distribute and
possess with intent to distribute a mixture or substance containing a
detectable amount of methamphetamine, in violation of 21 U.S.C.
§§ 841(a)(1) and 846.  We affirm.

     Dack first contests the quantity and type of methamphetamine
attributed to him.  The Guidelines prescribe a base offense level of 26 for
offenses involving between 100 and 400 grams of "Methamphetamine" or
between ten and forty grams of "Methamphetamine (actual)."  U.S.S.G.
§ 2D1.1(c)(7).   "Methamphetamine (actual)" means "the weight of the
controlled substance, itself, contained in the mixture or substance."

_____

[1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska.

U.S.S.G. § 2D1.1(c), note *. Dack admitted his involvement with at least 155 grams of methamphetamine, but maintains the district court should not have held him accountable for the entire weight of unseized and untested methamphetamine because there was evidence of the drug's purity from which the court could have determined the amount of methamphetamine (actual) at issue. We disagree. In cases involving a mixture or substance containing methamphetamine--as is undisputedly the situation here--the court is to "use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), <u>whichever is greater</u>." <u>Id.</u> (emphasis added); <u>United States v. Newton</u>, 31 F.3d 611, 614 (8th Cir. 1994).

We conclude the district court did not clearly err in holding Dack accountable for 100 to 400 grams of methamphetamine. <u>See</u> <u>Newton</u>, 31 F.3d at 614 (standard of review); <u>United States v. Wright</u>, 29 F.3d 372, 374 (8th Cir. 1994) (district court properly relied on defendant's admission in determining drug quantity). Dack's argument that the court used unreliable evidence in making this finding is meritless. Nor did the district court clearly err in finding that the case involved d-methamphetamine, <u>see</u> <u>United States v. Jennings</u>, 12 F.3d 836, 838 (8th Cir. 1994) (standard of review), because Dack conceded as much at the evidentiary hearing, the government's undisputed evidence established that the substance was d-methamphetamine, and "random testing of substances for drug content is sufficient for sentencing purposes," <u>United States v. Roach</u>, 28 F.3d 729, 735 (8th Cir. 1994); <u>see</u> <u>United States v. Griggs</u>, 71 F.3d 276, 282 n.2 (8th Cir. 1995) (court need only find some of mixture was d-methamphetamine to sentence defendant for d-methamphetamine or methamphetamine using entire weight of mixture).

Dack also contends he was entitled to an acceptance-of-responsibility reduction. While conviction by trial "does not automatically preclude a defendant from consideration for such a

reduction," U.S.S.G. § 3E1.1, comment. (n.2), we conclude the district court did not clearly err in denying Dack the reduction, because Dack proceeded to trial, requiring the government to prove the elements of its case, not to assert and preserve issues unrelated to factual guilt; and during allocution, he continued to challenge the veracity of the witnesses who testified against him.  See id. (reduction not intended for defendant who goes to trial, is convicted, and only then admits guilt and expresses remorse); United States v. Amos, 952 F.2d 992, 995 (8th Cir. 1991), cert. denied, 503 U.S. 1010 (1992).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.