_____

No. 95-4239
_____

United States of America,        *
                                 *
            Appellee,            *
                                 * Appeal from the United States
     v.                          * District Court for the
                                 * District of South Dakota.
Donald Dean Hartle,              *
                                 *        [UNPUBLISHED]
            Appellant.           *


_____

              Submitted:  June 26, 1996

                Filed:  July 1, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Donald Dean Hartle challenges the ninety-month sentence imposed by
the District Court[1] after he was convicted of conspiring to possess with
intent to distribute, and possessing with intent to distribute,
methamphetamine; and using a communication facility to facilitate the
commission of a felony, in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and
846 (1994).  We affirm.

     Hartle first contends he was entitled to an acceptance-of-
responsibility reduction.  We conclude the District Court did not clearly
err in denying Hartle the reduction.  See United States v. Hawkins, 78 F.3d
348, 352 (8th Cir. 1996) (standard of review), petition for cert. filed,
No. 95-9212 (U.S. June 1, 1996).  While assertion of the right to a trial
does not automatically preclude

_____

     [1]The Honorable Lawrence L. Piersol, United States District
Judge for the District of South Dakota.

Hartle from consideration for the reduction, he proceeded to trial, requiring the government to prove the elements of its case; he has not pointed to any pre-trial statements or conduct which would indicate he accepted responsibility; and neither his post-trial voluntary admission of his involvement in the offense nor his mere expression of remorse entitle him to the reduction. See U.S.S.G. § 3E1.1, comment. (n.2) (1995); United States v. Byrd, 76 F.3d 194, 196 (8th Cir. 1996) (defendant bears burden of proof concerning acceptance of responsibility); United States v. Roggy, 76 F.3d 189, 194 (8th Cir.) (defendant's "mere expression of remorse" does not warrant § 3E1.1 reduction), cert. denied, 116 S. Ct. 1700 (1996).

Next, Hartle contests the quantity of methamphetamine attributed to him. We conclude the District Court did not clearly err in holding him accountable for 100 to 400 grams of methamphetamine, given Hartle's admission in the presentence report that he received a minimum of ten packages each containing at least one-half ounce of methamphetamine, i.e., five ounces or 141.75 grams. See United States v. Newton, 31 F.3d 611, 614 (8th Cir. 1994) (standard of review); United States v. Wright, 29 F.3d 372, 374 (8th Cir. 1994) (district court properly relied on defendant's admission in determining drug quantity).

Finally, Hartle contends he should not have been assessed a two-level increase under U.S.S.G. § 2D1.1(b)(1) (1995) for possession of a dangerous weapon. We conclude the government proved by a preponderance of the evidence that the guns at issue were present during the offense and that it was not clearly improbable that they were connected to Hartle's criminal activity. See United States v. Kinshaw, 71 F.3d 268, 271 (8th Cir. 1995). Hartle's reliance on United States v. Khang, 904 F.2d 1219, 1224 (8th Cir. 1990), in which the government conceded no evidence existed establishing a nexus between the weapon and the defendant's drug activity, is misplaced.

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.