# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1768

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Ricardo Escatel-Chavez, also known | * | |
| as Henry Unknown, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: January 4, 2000
Filed:   January 13, 2000

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Ricardo Escatel-Chavez (Chavez) pleaded guilty to conspiring to possess with intent to distribute cocaine, cocaine base, heroin, and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced Chavez to 50 months imprisonment and 3 years supervised release. He appeals, and we affirm.

_____

[1]The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska.

For reversal, Chavez argues the district court clearly erred in assessing aggravating-role and dangerous-weapon enhancements. At sentencing, a government witness testified that co-defendant Mike Prchal had indicated co-conspirators Juan Robles and Juan Gutierrez were "associates" of Chavez whom he would direct to drop off methamphetamine at Prchal's residence, and that investigators often saw Robles and Gutierrez arrive at Prchal's residence shortly after Prchal had paged Chavez. Additionally, the uncontested factual allegations in Chavez's presentence report indicate Prchal reported Chavez received most of the drug-sale proceeds, and had asked Prchal to pick up people at an airport and to receive packages on Chavez's behalf, packages that Prchal believed contained drugs. We conclude the district court did not clearly err in assessing a two-level aggravating-role increase. See U.S. Sentencing Guidelines Manual § 3B1.1(c) (1998); United States v. Pitts, 173 F.3d 677, 681 (8th Cir. 1999); United States v. Flores, 9 F.3d 54, 56 (8th Cir. 1993).

We also conclude the district court did not clearly err in assessing a dangerous-weapon increase, based on evidence introduced at sentencing showing that Chavez was a significant drug source for Prchal; Chavez and Prchal discussed by telephone a .44 Smith & Wesson revolver which Prchal had found for Chavez, and Chavez indicated he needed; and shortly thereafter, the "associates" whom Chavez was known to supervise--Robles and Gutierrez--arrived at Prchal's residence and took the gun away with them. See U.S. Sentencing Guidelines Manual §§ 1B1.3(a)(1), 2D1.1(b)(1) & comment. (n.3) (1998); United States v. Wright, 29 F.3d 372, 374 (8th Cir. 1994); United States v. Turpin, 920 F.2d 1377, 1386 (8th Cir. 1990), cert. denied, 499 U.S. 953 (1991).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.