NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50523 |
| Plaintiff-Appellee, | D.C. No. 5:14-cr-00136-VAP-1 |
| v. | |
| HECTOR GARCIA, AKA Hector Armando Garcia, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted August 10, 2017[**]
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and GILLIAM,[***] District Judge.

Defendant Hector Garcia appeals from his conviction for two counts of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Haywood S. Gilliam, Jr., United States District Judge for the Northern District of California, sitting by designation.

1

being a felon in possession under 18 U.S.C. § 922(g)(1) and his sentence of 156 months' imprisonment and 3 years supervised release. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. §§ 1291 and 3742, and we affirm in part, reverse in part, and remand for resentencing.

**1. The district court did not abuse its discretion in excluding a photograph of Reynaldo Hernandez.**[1] To authenticate evidence under Federal Rule of Evidence 901(a), "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Here, Defendant purported that the photograph was a picture of Hernandez in the Riverside Residence's garage taken in the month prior to May 2012. Defendant's sole attempt to authenticate the picture was via Sergio Santillan, who identified Hernandez as the man in the picture but testified that he did not know when the photograph was taken. *Cf. United States v. Englebrecht*, 917 F.2d 376, 378 (8th Cir. 1990) (holding that admitting photograph of the defendant in a marijuana crop in 1988, authenticated by witnesses connecting defendant to the marijuana crop during that year, was not an abuse of discretion). Accordingly, the district court did not abuse its discretion by holding that Defendant provided insufficient

---

[1] Abuse of discretion review applies because the inquiry at issue is "essentially factual." *See United States v. Mateo-Mendez*, 215 F.3d 1039, 1042 (9th Cir. 2000).

evidence "so that a reasonable juror could find" that the photograph was one of Hernandez taken in the month prior to May 2012. *United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) (internal quotation marks and citation omitted).

**2. The photograph's exclusion did not violate Defendant's constitutional right to present a defense.** We consider the *Miller v. Stagner*, 757 F.2d 988, 994 (9th Cir. 1985), factors in determining "the constitutional implications of the exclusion of relevant evidence pursuant to the *correct* application of an evidentiary rule." *United States v. Stever*, 603 F.3d 747, 755-56 (9th Cir. 2010). These include "the probative value of the evidence on the central issue; its reliability; whether it is capable of evaluation by the trier of fact; whether it is the sole evidence on the issue or merely cumulative; and whether it constitutes a major part of the attempted defense." *Id.* at 756.

While probative on the question of whether others had access to the garage, the photograph was not reliable, because as explained above, there was no reasonable basis for the jury to find that it was taken in the month before May 2012. *Cf. id.* at 756-57 (holding that government reports were reliable because "the authors presumably [had] ever reason to ensure" their accuracy). Nor was it the only evidence showing that others were responsible for the guns and drugs in the garage. Santillan testified that Hernandez and another man repeatedly accessed the garage, and admitted that he had gone in there at least once himself. Thus, the

3

photograph's exclusion did not rise to the level of a constitutional violation under the *Miller* factors.

Furthermore, this was not a case where Defendant "was prevented from making his defense at all," *id.* at 757. *Cf., e.g.*, *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (holding that a defendant charged with murder was unconstitutionally deprived of opportunity to cross-examine third party who had previously confessed to the crime and to present other critical evidence).

Nor was this a case where the district court excluded the photograph "simply because [it did] not believe the truth of the proposition that the evidence asserts." *United States v. Evans*, 728 F.3d 953, 964 (9th Cir. 2013) (internal citation and alteration omitted) (excluding the defendant's birth certificate on the basis that it was likely fraudulently obtained).

In sum, the exclusion of the photograph did not violate Defendant's constitutional right to present a defense.

**3. The district court did not plainly err in permitting Hernandez to make a blanket invocation of the Fifth Amendment privilege against self-incrimination.** A trial court may sustain a witness's blanket invocation of the Fifth Amendment right against self-incrimination "if the court, based on its knowledge of the case and of the testimony expected from the witness, can conclude that the witness could legitimately refuse to answer essentially all

4

relevant questions." *United States v. Tsui*, 646 F.2d 365, 368 (9th Cir. 1981) (internal quotation marks and citation omitted).

Based on defense counsel's opening statement indicating that Hernandez would testify that the drugs and guns belonged to him and Santillan, the district court did not plainly err in finding that Hernandez could legitimately refuse to answer nearly all relevant questions. *See, e.g.*, *United States v. Flores-Blanco*, 623 F.3d 912, 918 (9th Cir. 2010) (blanket invocation allowed where the witness, a co-defendant, was expected to testify that the defendant had nothing to do with the crime).

### 4. Defendant's ineffective assistance of counsel claim is premature.

"[A]s a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). While there are two "extraordinary exceptions . . . (1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel," neither applies here. *Id.* at 1156.

As it stands, the record is insufficiently developed to properly entertain Defendant's contentions that his trial counsel was constitutionally ineffective in

failing to present corroboration evidence and to impeach a key witness with prior inconsistent statements. Nor is this a case where a purported error was clearly prejudicial. *Cf., e.g.*, *United States v. Swanson*, 943 F.2d 1070, 1071, 1077 (9th Cir. 1991) (trial counsel argued during closing that evidence of his client's guilt was "overwhelming"). Accordingly, Defendant's ineffective assistance of counsel claim is dismissed "without prejudice to its being raised in a proceeding under 28 U.S.C. § 2255." *United States v. McGowan*, 668 F.3d 601, 603 (9th Cir. 2012).

5. **The district court did not commit cumulative error.** Because the district court's trial rulings were not erroneous, there is no grounds for finding cumulative error. *See United States v. Wilkes*, 662 F.3d 524, 543 (9th Cir. 2011). Accordingly, Defendant's conviction is affirmed.

6. **The district court plainly erred in calculating Defendant's base offense level.** As the parties note, the district court plainly erred in applying a base offense level of 22 under U.S.S.G. § 2K2.1(a)(3) based on Defendant's 1999 conviction for assault with a deadly weapon because that conviction accrued no criminal history points under U.S.S.G. § 4A1.2(e)(3). Therefore, the sentence is vacated and the case remanded for open resentencing.[2]

---

[2] As we are remanding for open resentencing, we do not consider Defendant's challenges to the sentencing enhancements. Moreover, as Defendant concedes, his *Apprendi* error claim is barred by controlling precedent. *See United States v. Fitch*, 659 F.3d 788, 795 (9th Cir. 2011).

**AFFIRMED in part, REVERSED in part, REMANDED.**