UNITED STATES of America,
Plaintiff–Appellee,

v.

Edward SHIELDS, Defendant–Appellant.

No. 94–2603.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1994.

Decided Jan. 10, 1995.

J. Justin Meehan, St. Louis, MO, argued, for appellant.

Steven E. Holtshouser, Asst. U.S. Atty., argued, St. Louis, MO, for appellee.

Before BOWMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

Appellant Edward Shields was convicted, upon a guilty plea, of conspiracy to distribute and possession with intent to distribute more that 500 grams of cocaine. Shields appeals the district court's sentence which included a two-level enhancement for possession of a firearm during the commission of a crime pursuant to U.S.S.G. § 2D1.1(b)(1). For the reasons cited herein, we reverse and remand.

## BACKGROUND

Shields was originally charged with two drug related counts stemming from a grand jury's three-count indictment. In count II he was charged with conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii). Under count III he was also charged with the knowing use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the Western Di-   vision of the District of South Dakota, sitting by designation.

Pursuant to a plea agreement between Shields and the U.S. Attorney's Office, Shields agreed to plead guilty to count II and the government agreed to dismiss count III. The parties stipulated to various facts, including quantities of cocaine appellant received at his residence and dates of receipt. Three firearms were seized from the appellant's residence pursuant to a search warrant. This seizure occurred thirty seven days after the last known drug transaction. Important to the present appeal was the following stipulation between the parties:

[T]he defendant is not subject to an increase in his offense level for possession of weapons as the weapons ... were intended to be used for defendant's protection of his person and property in connection with running 'Ed's Quick Shop' and there is no evidence to support a finding that the weapons were present during the drug transactions referred to above.

A pre-sentence investigation was prepared which recommended a two level enhancement for possession of dangerous weapons during the offense. At sentencing the appellant objected to the recommended enhancement and testified he never possessed or used firearms during the course of any criminal activity and that there was a legitimate purpose for the possession of the guns. In addition, the U.S. Attorney filed a written objection to the sentence enhancement. Despite the objections, the district court followed the recommendation of the PSI and sentenced the defendant to eighty seven months imprisonment which reflected the enhancement. This appeal followed.

## DISCUSSION

■ Section 2D1.1(b)(1) of the Guidelines provides for a two-level increase if a firearm or other dangerous weapon was possessed during the commission of the underlying crime. Application Note 3 provides in part

that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Cases from this Circuit have consistently held that in order for § 2D1.1(b)(1) to apply, the government bears the burden of proof by a preponderance of the evidence to establish the elements of the enhancement (i.e., presence of a dangerous weapon when the crimes were committed and that it is not clearly improbable that the weapon had some nexus with the criminal activity). *See, e.g., United States v. Richmond,* 37 F.3d 418, 419 (8th Cir.1994); *United States v. Bost,* 968 F.2d 729, 731–32 (8th Cir.1992) (quoting U.S.S.G. § 2D1.1, comment (n. 3)); *United States v. Khang,* 904 F.2d 1219, 1222 (8th Cir.1990).

■ The appellant argues that because no evidence was presented to support the enhancement, the district court's sentence was clearly erroneous. We agree. Because the burden is on the government to establish the relationship between the defendant's possession of a firearm and the offense which he has committed, an enhancement based on § 2D1.1 is not justified absent some evidence of the same. *United States v. Khang,* 904 F.2d 1219 (8th Cir.1990). In *Khang* we held that a firearm's mere presence was not sufficient to mandate the enhancement where the government had conceded that the firearms had no relation to the illegal activity. *Id.* at 1224. A similar situation exists under the present facts. Although firearms were seized from appellant's residence, there was no evidence presented which would indicate the weapons were present during any illegal activity. Further, the government conceded, as it did in *Khang,* that there was no evidence establishing a nexus between the weapons and the drug crimes committed by the appellant.[1]

■ Because the government presented no evidence regarding the presence of the

---

1. It should be noted that the present facts present an even more compelling justification for reversal than did those in *Khang*. In *Khang*, the weapon in question was seized simultaneously with a police controlled delivery of opium to the defendant's residence. Additionally, the weapon was discovered in close proximity to the defendant's opium stash. Despite these facts, we held

that the enhancement was not justified. *Khang*, 904 F.2d at 1223. The firearms involved in the present case were not seized until thirty seven days after the last known drug transaction took place at the residence of the appellant and no additional drugs were discovered at the time of the seizure.

weapons and their nexus to the drug crimes, the district court's enhancement of the appellant's sentence based on § 2D1.1(b)(1) was clearly erroneous and must be reversed. This matter is remanded to the district court with directions that it resentence Shields consistent with this opinion.[2]

---

**2.** Appellant has additionally sought reversal on policy grounds arguing that "where the Government and the Defendant have reached a common resolution regarding criminal charges, in the absence of any other overruling circumstances ... there should be no reason for the Sentencing Court to impose a sentence which directly overturns the intention and expectation of the parties." Because our ruling properly rests on the Guidelines and our precedent, we need not rule on the policy arguments. It should be noted that while a district court is not bound by stipulations entered into between the parties, plea bargaining is certainly a favorable way to dispose of many of the criminal cases present on the increasingly-crowded district court dockets. Meaningful plea bargaining requires a degree of trust between defendants and prosecuting bodies. Lest they desire to have trials on all criminal matters, district courts should be wary of conduct which tends to undermine the trust defendant's place in the deals they strike with prosecutors.