UNITED STATES of America, Appellee,

v.

George Anthony KINSHAW, Appellant.

UNITED STATES of America, Appellee

v.

Larry Everett THOMAS, Appellant.

Nos. 95–2037, 95–2039.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1995.

Decided Nov. 30, 1995.

Rehearing Denied in No. 95–2039
Jan. 17, 1996.

**270**

John Hudson, Des Moines, Iowa, for George Anthony Kinshaw.

Dean Stowers, Des Moines, Iowa, for Larry Everett Thomas.

Lester Alan Paff, Assistant U.S. Attorney, Des Moines, Iowa, for the U.S.

Before HANSEN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

DIANA E. MURPHY, Circuit Judge.

Appellants George Kinshaw and Larry Thomas appeal their convictions and sentences for conspiracy to knowingly or intentionally distribute methamphetamine in violation of 21 U.S.C. § 846. For the following reasons, we affirm the judgments of the district court.[1]

## I.

Appellants Kinshaw and Thomas were among four persons charged with participating in a conspiracy to distribute methamphetamine from December 1989 until July 19, 1994. The conspiracy included several unindicted individuals and was allegedly headed by Steven Snook in California. Witnesses testified that Kinshaw received methamphetamine from Snook, distributed it in Iowa, and mailed the money back to Snook with the help of a co-conspirator, Tracy Snook. Kinshaw and another co-conspirator named Julene Hanna also allegedly supplied methamphetamine to Thomas, who sold and used the drug, and collected drug debts.

Appellants were each found guilty of one count of conspiracy. The district court held Kinshaw responsible for one to three kilo-

grams of methamphetamine and sentenced him to 174 months imprisonment. The court attributed 120 grams of methamphetamine to Thomas and imposed a 78 month sentence.

Appellants raise several issue on appeal. Kinshaw claims that the trial court erred in admitting certain drug notes, in not giving a lesser included offense instruction, and in imposing a two-level sentencing enhancement for possession of a firearm. Thomas objects to the failure to give a lesser included offense instruction, to insufficient evidence to sustain his conviction, and to the calculation of the amount of drugs used for his sentencing.

## II.

■ Kinshaw argues that notes the prosecution characterized as drug related should not have been admitted at trial because they lacked foundation and were irrelevant and prejudicial. The seized papers included a recipe for methamphetamine and some notes with several columns, each with one name followed by numbers. Kinshaw claims that these notes described marijuana deals, not methamphetamine transactions, and should have been excluded as evidence of other crimes under Fed.R.Evid. 404(b).

■ The district court did not abuse its discretion in admitting these notes. Direct evidence of participation in a conspiracy is probative of the crime charged and thus does not constitute other crimes evidence within the meaning of Rule 404(b). *United States v. Aranda*, 963 F.2d 211, 214 (8th Cir.1992). There was evidence in the record to indicate that the papers in question related to the methamphetamine conspiracy, not marijuana deals. Witnesses testified that Steven Snook, the alleged author of the notes, distributed methamphetamine to Kinshaw and other co-conspirators. Tracy Snook stated that Steven Snook supplied her with methamphetamine from 1989 until 1991, that her debt was listed in the notes, and that she also forwarded payments to Steven Snook. She identified Kinshaw as the person referred to as "George" in the notes. This foundation

---

1. The Honorable Ronald E. Longstaff, United States District Court for the Southern District of Iowa.

was sufficient to show that the notes were related to an ongoing methamphetamine conspiracy and were admissible against Kinshaw as a co-conspirator's non-hearsay statement under Rule 801(d)(2)(E). *See United States v. Jackson,* 67 F.3d 1359, 1363–64 (8th Cir. 1995). The trial court also did not err in declining to exclude the challenged evidence under Rule 403.[2]

■ Kinshaw also claims that the district court incorrectly enhanced his sentence two levels for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). This guideline section requires the government to prove by a preponderance of the evidence that a dangerous weapon was present during the underlying crime and that it was not clearly improbable that the weapon was connected with the offense. *United States v. Shields,* 44 F.3d 673, 674 (8th Cir.1995). Kinshaw concedes that a loaded 9–millimeter Ruger pistol was discovered in his bedroom,[3] but claims that he was merely adjusting the gun's sight for its owner, Scott Donahue. The district court found that police officers seized a loaded Ruger 9–millimeter pistol from Kinshaw's bedroom in March 1994, and that Kinshaw was still dealing in drugs at that time because methamphetamine residue was found on the scale in his residence. Another's ownership of a gun is not controlling if a defendant is found to have control over it and over the premises. *See United States v. Luster,* 896 F.2d 1122, 1129 (8th Cir.1990) (enhancement may be based on constructive possession, including ownership, dominion, or control over the item, or dominion over the premises). Kinshaw need not have used the gun during the crime or have even touched it. *Id.* None of the district court's findings on this issue are clearly erroneous, and we affirm the two-level enhancement.

■ Finally, Kinshaw joins in Thomas' argument that the trial court erred in denying their request for a jury instruction that a conspiracy to possess methamphetamine is a lesser included offense of a conspiracy to knowingly or intentionally distribute methamphetamine. Based on the facts of this case, there was no error in not giving an instruction on conspiracy to possess. The evidence showed that Kinshaw received methamphetamine from Steven Snook, sold at least one to three kilograms to Thomas and others, and mailed the money back to Snook with Tracy Snook's help. Several witnesses also linked Thomas to the conspiracy; he sold at least 120 grams of methamphetamine and helped collect drug debts. This evidence refutes his claim that he possessed the drug only for personal use. The record related to the amount of drugs, the number of conspirators, and the various transactions did not warrant giving the requested instruction. *See United States v. Miller,* 939 F.2d 605, 609 (8th Cir.1991) (lesser included instruction not required where jury could not rationally find the defendant guilty of possession of drugs and innocent of possession with intent to distribute).

### III.

■ Thomas raises two other issues. He claims that the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence of his involvement in a single conspiracy to distribute methamphetamine. On appeal, we view "the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences." *United States v. Nunn,* 940 F.2d 1128, 1131 (8th Cir.1991). We can overturn the jury's verdict only if "a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements." *Id.*

■ To convict Thomas of conspiracy under 21 U.S.C. § 846, the government had to prove that he entered into an agreement with at least one other person for an unlawful

---

2. We note in addition that the district court gave an instruction on the use of the marijuana evidence.

3. The government also points out that a second weapon, a loaded .22 pistol, was seized from the defendant's bedroom at the same time. This gun was not mentioned in the presentence report and need not be discussed here because one dangerous weapon is sufficient to trigger the enhancement.

purpose. *Id.* at 1132. Proof of the conspiracy may come from direct or circumstantial evidence based on all the surrounding facts. *Id.* A single conspiracy requires a common aim and mutual dependence and assistance. *United States v. DeLuna,* 763 F.2d 897, 919 (8th Cir.), *cert. den., Thomas v. U.S.,* 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985). Once a conspiracy is established, even slight evidence connecting a defendant to the conspiracy may be sufficient to prove the defendant's intentional involvement. *Nunn,* 940 F.2d at 1132.

The government presented ample evidence of a single conspiracy to distribute methamphetamine. Several alleged conspirators, including Tracy Snook, Julene Hanna, Dorothy Howie, and George McAtee, testified about their distribution of methamphetamine, which Steven Snook orchestrated as the supplier. These and other participants relied on each other to distribute the drugs and collect money. The court also gave an instruction on multiple conspiracies, and it was up to the jury to decide whether the charged conspiracy had been established.

The testimony of other conspirators showed Thomas' intentional participation in the conspiracy. Tracy Snook testified that she sold methamphetamine to Thomas, Julene Hanna testified that she received methamphetamine from Thomas, and Dorothy Howie stated that Thomas received methamphetamine from Kinshaw. George McAtee explained that Thomas (known as "Animal") assisted in the conspiracy by collecting drug debts from Steven's customers. Viewed in the light most favorable to the government, this evidence is more than the slight evidence needed to link Thomas to the charged conspiracy. We conclude that Thomas has not shown that a jury must have had a reasonable doubt as to any of the elements in the offense and that there was sufficient evidence to support his conviction.

■ Thomas' last claim is that the district court incorrectly attributed 120 grams of methamphetamine to him for sentencing purposes based on a drug note it had suppressed at trial. We review the court's findings for clear error. *United States v. Adipietro,* 983 F.2d 1468, 1472 (8th Cir.1993).

Its findings as to the credibility of a witness are "virtually unreviewable on appeal." *Id.*

The district court primarily relied on Julene Hanna's trial testimony and other evidence that Thomas was dealing with numerous individuals in small amounts. It found that Thomas was responsible for two ounces of methamphetamine based on Hanna's testimony that Thomas supplied her with one or two ounces of methamphetamines during 1993, giving her approximately three to seven grams of the drug each time. The court also found credible the testimony of other co-conspirators that Thomas had distributed small quantities of methamphetamine to several individuals. It did not believe that Thomas had distributed two pounds, as Dorothy Howie had suggested, but noted that her credibility would have justified adding additional drug quantity. Based on all the evidence, the court concluded that Thomas was responsible for at least 100 grams but less than 400 grams of methamphetamine.

■ The district court was entitled to rely on information having "sufficient indicia of reliability to support its probable accuracy," *see United States v. Haren,* 952 F.2d 190, 199 (8th Cir.1991), and there was enough evidence in the record to support its findings without reference to the suppressed drug note seized from Thomas' house. We therefore conclude that the district court did not err in calculating the amount of drugs attributable to Thomas for sentencing purposes.

For these reasons, the judgments entered in the district court are affirmed.