_____

No. 95-3578
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  District of Minnesota.
Maria Delcarmen Kilgore,            *
                                    *  [UNPUBLISHED]
          Appellant.               *


_____

          Submitted:  April 3, 1996

            Filed:  April 8, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     Maria Delcarmen Kilgore appeals the 70-month sentence imposed by the
district court[1] after she pleaded guilty to conspiring to possess cocaine
with intent to distribute, and aiding and abetting the possession of
cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1)
and 846, and 18 U.S.C. § 2.  We affirm.

     On January 10 and 26, 1995, a confidential informant (CI) bought
cocaine from Gustavo Gutierrez, to whom Kilgore admits selling drugs on
those two days.  On February 8, the CI, Gutierrez, David Medina, and
Kilgore met at Gutierrez's residence and discussed a drug transaction.  The
next day, the CI and Gutierrez went to an apartment shared by Medina and
Kilgore, the CI bought cocaine from Kilgore, and they discussed a future
drug transaction.  On February 13, they again met at the Medina-Kilgore
apartment and

_____

[1]The Honorable James M. Rosenbaum, United States District
Judges for the District of Minnesota.

negotiated a deal involving a half-kilogram of cocaine; Kilgore indicated that if the CI wanted more cocaine, she would arrange it. That evening, the CI and Gutierrez returned to the apartment to consummate the deal. Upon the CI's signal, law officers entered the apartment and located Kilgore trying to flush a bag containing 440 grams of cocaine down the toilet. Officers seized additional cocaine from a bedroom, and a gun from a kitchen cabinet.

Kilgore advised the authorities that Medina obtained the cocaine; that he retained most of the sale proceeds and paid her expenses in return for her storing the cocaine and selling some of it; and that Gutierrez directed buyers to her apartment. Kilgore also stated that prior to the search, Medina had advised her he had a firearm, and she speculated that the gun found in the kitchen--which she claimed not to have seen before--belonged to Medina or her other roommate.

The presentence report (PSR) recommended a two-level increase for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). In accordance with the parties' plea agreement, the PSR did not recommend an adjustment for Kilgore's role in the offense. Kilgore objected to the increase, and to the omission of a mitigating-role reduction under U.S.S.G. § 3B1.2. The district court overruled both objections.

We conclude the government met its burden of proving by a preponderance of the evidence that the gun was present during the offense and that it was not clearly improbable the gun had a nexus with Kilgore's criminal activity. See U.S.S.G. § 2D1.1, comment. (n.3); United States v. Kinshaw, 71 F.3d 268, 271 (8th Cir. 1995). The government did not have to show Kilgore used or touched the gun, and while the mere presence of a gun will not suffice to support the enhancement, constructive possession will. See United States v. Hiveley, 61 F.3d 1358, 1363 (8th Cir. 1995) (per curiam). The record demonstrates Kilgore constructively possessed the gun by

exercising dominion and control over the apartment, which was used in the storage and distribution of cocaine. <u>See</u> <u>United States v. Williams</u>, 10 F.3d 590, 595 (8th Cir. 1993); <u>United States v. Haren</u>, 952 F.2d 190, 198 (8th Cir. 1991). This is true even though the gun was located away from the cocaine and Kilgore. <u>Cf.</u> <u>Williams</u>, 10 F.3d at 595-96 (increase proper where gun found in briefcase hidden behind television in bedroom and defendant found in kitchen with drugs). The district court did not clearly err in finding Kilgore possessed a firearm within the meaning of section 2D1.1(b)(1). <u>See</u> <u>Kinshaw</u>, 71 F.3d at 271 (standard of review).

The Guidelines provide for a four-level role reduction if the defendant was "a minimal participant," i.e., one who was "plainly among the least culpable of those involved in the conduct of a group," and a two-level reduction if the defendant was "a minor participant," i.e., one who was "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(a), (b), & comment. (nn.1,3). Kilgore does not dispute that she was aware of and understood the scope and structure of the conspiracy, as well as Medina's and Gutierrez's activities. <u>See</u> U.S.S.G. § 3B1.2, comment. (n.1). Kilgore argues that she was less culpable than Medina, who procured the cocaine, and Gutierrez, who marketed the cocaine, but "[p]articipants in the distribution of drugs often have distinct and independently significant roles." <u>See</u> <u>United States v. Ellis</u>, 890 F.2d 1040, 1041 (8th Cir. 1989) (per curiam); <u>United States v. Logan</u>, 49 F.3d 352, 360 (8th Cir. 1995) (defendant not entitled to minor-participant--much less minimal-participant--reduction simply because he was less culpable than co-defendant). It is of no consequence that Kilgore acted at Medina's request and may not have profited from her involvement in the conspiracy. <u>See</u> <u>Ellis</u>, 890 F.2d at 1041. Furthermore, Kilgore was directly involved in the distribution of a significant quantity of cocaine. <u>See</u> <u>United States v. Garvey</u>, 905 F.2d 1144, 1146 (8th Cir. 1990) (per curiam). The district court did not clearly err in denying Kilgore a

reduction, because she failed to prove she was entitled to one.  See <u>United States v. Thompson</u>, 60 F.3d 514, 517 (8th Cir. 1995) (standard of review; discussing burden).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.