No. 95-3240

United States of America,      *
                               *
        Appellee,              *
                               *
    v.                         *
                               *
Stacy Macklin,                 *
                               *
        Appellant.             *


No. 95-3257                    Appeals from the United States
                               District Court for the
                               Eastern District of Missouri.

United States of America,      *
                               *
        Appellee,              *
                               *
    v.                         *
                               *
Willie Love,                   *
                               *
        Appellant.             *


                    Submitted: November 19, 1996

                    Filed: January 14, 1997


Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and
    LONGSTAFF,[1] District Judge.

[1]THE HONORABLE RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa, sitting by designation.

MAGILL, Circuit Judge.

Codefendants Willie Love and Stacy Macklin were convicted and sentenced for possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994). Both Love and Macklin challenge the district court's[2] decision pursuant to United States Sentencing Guideline § 2D1.1(b)(1) (1995) to increase their respective offense levels by two levels for possession of a dangerous weapon. Love also challenges the admission into evidence of two photographs at his trial and alleges trial misconduct by the government. Macklin challenges his sentence on equal protection and rule-of-lenity grounds. We affirm.

**I.**

On May 31, 1994, officers of the St. Louis Police Department obtained a warrant to search 5243 Cates Avenue in St. Louis, Missouri. The police had information that Love, Macklin, and codefendant Charles Hendricks, Jr. were trafficking in cocaine at that residence. On June 1, 1994, prior to executing the search warrant, the police twice observed Hendricks leave the residence, drive two blocks to the 5000 block of Vernon, and engage in what the officers believed to be drug trafficking. On the second occasion, Hendricks was arrested.

The officers returned to 5243 Cates after arresting Hendricks to execute the search warrant. As the officers approached the residence, Love exited through the front door carrying an armful of clothes. When he saw the officers, Love dropped the clothes, ran back into the residence, and proceeded to a living room that was being used as a bedroom. The officers followed Love and found him sitting on the edge of a bed. Upon searching the bed, the officers

---

[2]The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

discovered seven plastic bags containing cocaine base, a .357 magnum handgun, and a .22 caliber rifle in between the mattress and box spring. The officers also discovered several photographs in the converted bedroom. These photographs showed Love and Macklin at a nightclub holding a large amount of cash. The officers arrested Love on drug charges.

The officers arrested Macklin as he was exiting another bedroom on the second floor of the house. In that room, the police found over 200 grams of cocaine base, $16,000 in cash, and two handguns. A search of the kitchen also revealed several items associated with the preparation and distribution of cocaine base.

Both Love and Macklin were charged with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994), and with using a firearm during and in relation to that offense, in violation of 18 U.S.C. § 924(c)(1) (1994). A jury found Love guilty of both charges, and Macklin pled guilty to both charges. The district court sentenced the two defendants on both counts, but this Court remanded the case to the district court for resentencing in light of Bailey v. United States, 116 S. Ct. 501 (1995) (holding that conviction under § 924(c)(1) criminalizing use of a firearm during and in relation to drug trafficking requires sufficient evidence to show active employment of firearm by defendant). See Order Remanding for Resentencing (8th Cir. Feb. 2, 1996).

On remand, the district court granted the government's motion to dismiss the § 924(c)(1) firearm charges against both Love and Macklin.[3] However, in resentencing both Love and Macklin on the

---

[3]Love and Macklin argue on appeal that the evidence was insufficient to support their § 924(c)(1) convictions in light of Bailey v. United States, 116 S. Ct. 501 (1995). However, since the district court dismissed the § 924(c)(1) charges prior to the resentencing of Love and Macklin, we need not address this issue and accordingly decline to do so.

remaining § 841(a)(1) possession counts, the district court increased each defendant's total offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. Both defendants objected to the increase, but were overruled by the district court. The district court imposed a term of imprisonment of 108 months on Love and 150 months on Macklin.

## II.

Love and Macklin argue that there was not sufficient evidence to support a two-level sentence enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). They argue that there was no nexus between the firearms found in their bedrooms and the crime of drug trafficking. We disagree.

For the district court to apply § 2D1.1(b)(1)'s two-level sentence enhancement, "the government must prove by a preponderance of the evidence that it was not clearly improbable that the weapon was connected to the charged offense." United States v. Britton, 68 F.3d 262, 264-65 (8th Cir. 1995), cert. denied, 116 S. Ct. 1322 (1996); U.S.S.G. § 2D1.1(b)(1), comment. (n.3).[4] We will not reverse the district court's determination that the weapon was connected to the offense unless the district court clearly erred in this determination. Britton, 68 F.3d at 265.

Given the proximity of the firearms to the drugs in this case, the ease with which the defendants could access the firearms, the

---

[4]The government must also prove that the weapons were present when the crime was committed before the two-level sentence enhancement under U.S.S.G. § 2D1.1(b)(1) can be applied. United States v. Shields, 44 F.3d 673, 674 (8th Cir. 1995). Neither Love nor Macklin dispute the district court's finding that the firearms were present during the commission of their crimes. We therefore do not address this issue.

-4-

ongoing drug trafficking occurring out of the residence at 5243 Cates, and the likely need for the defendants to protect both the drugs and the cash found in the residence, we hold that the district court did not clearly err in finding that it was not clearly improbable that the firearms were connected with the offense of drug trafficking. Cf. United States v. Wright, 29 F.3d 372, 374 (8th Cir. 1994) (holding that connection was not clearly improbable for purposes of U.S.S.G. § 2D1.1 where handguns and ammunition were found in defendant's bedroom and marijuana was found in a case with a shotgun notwithstanding the defendant's allegation that some guns were part of a collection and others were for hunting).

### III.

Love argues that the district court erred in admitting two photographs that show Love and Macklin holding a large quantity of cash at a nightclub. He argues that the photographs were not relevant and that they were unfairly prejudicial. We disagree.

The admission of evidence is a matter of discretion for the trial court, and the trial court's determination that evidence is relevant and that its probative value outweighs the danger of unfair prejudice will not be reversed on appeal unless the trial court has abused that discretion. See United States v. Delpit, 94 F.3d 1134, 1146 (8th Cir. 1996); United States v. Just, 74 F.3d 902, 904 (8th Cir. 1996). The photographs here were offered into evidence to show the association between Love and Macklin, to put into context Love's statement that he was only involved in "small" sales of cocaine, and to show that other items, such as the drugs and guns, found near the photographs belonged to Love. See Trial Tr. at 22-24.

Given the reasons for admitting the photographs, we cannot say that the district court abused its discretion in finding that the

photographs were relevant.  In light of all the other evidence admitted against Love, including the cash and drugs found at 5243 Cates under Love's bed and the testimony of law enforcement officers regarding ongoing drug trafficking occurring out of that residence, we further conclude that the admission of the photographs was not unfairly prejudicial.  See United States v. Watts, 950 F.2d 508, 513-14 (8th Cir. 1991) (holding that photograph of codefendants with cash and weapons was not unfairly prejudicial "[i]n the context of all the other evidence, including [the codefendants'] association, the large sums of cash found at other times, and law enforcement officer testimony regarding other weapons, vehicles and the like associated with this and, in general, other drug activities").

## IV.

Love also argues that the government committed reversible prosecutorial misconduct.  Specifically, Love challenges the government's reference to him as a "mope"[5] during rebuttal argument.  Trial Tr. at 121. He also challenges the government's statement during rebuttal argument that drugs are "ugly stuff" and "do ugly things to people."  Id. at 122.

"To prove prosecutorial misconduct, an appellant must prove that (1) the prosecutor's remarks were improper, and (2) the remarks prejudicially affected the defendant's substantial rights

---

[5]Counsel for Love contended at oral argument that her client, an African-American, understood the word "mope" to be a racial epithet.  However, there is no indication that the jury understood mope to be a racial epithet.  Moreover, counsel for the government explained that the word was intended to refer to a low-level drug dealer.  Cf. United States v. Beverly, 913 F.2d 337, 349 n.15 (7th Cir. 1990) (noting that "[t]he government had argued at the sentencing hearing that 'Mr. Brown wasn't involved in a small level.  He wasn't a mope who just delivered.  He was up there at the top.'"), aff'd sub nom. Griffin v. United States, 502 U.S. 46 (1991).

-6-

so as to deprive him of a fair trial." United States v. Wiley, 29 F.3d 345, 351 (8th Cir.), cert. denied, 115 S. Ct. 522 (1994). Trial courts are invested with broad discretion in controlling closing arguments, and we will reverse only if the trial court abused that discretion. Id.

We do not think that the isolated use of the word mope prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial. See id. (characterization of defendant as a "criminal" and "drug dealer" did not deprive defendant of a fair trial); United States v. Schepp, 746 F.2d 406, 411-12 (8th Cir. 1984) (references to defendant as a "criminal" and "hoodlum" did not deprive defendant of a fair trial); cf. United States v. McGuire, 45 F.3d 1177, 1189 (8th Cir.) (district court did not abuse discretion in holding that references to "contract hit" and "mob murder" were not improper), cert. denied, 115 S. Ct. 2558 (1995); United States v. Kindle, 925 F.2d 272, 278 (8th Cir. 1991) (district court did not abuse discretion by permitting references to defendant as "hot papa" and "boss" when based on evidence adduced at trial). The word mope was used only once in reference to Love's status as a low-level drug dealer, a fact supported by the evidence adduced at trial, and was used only after Love challenged the veracity of the testimony given by a law enforcement officer as to the drug trafficking occurring out of 5243 Cates. See Trial Tr. at 121-22.

Similarly, the reference to drugs as being ugly things did not deprive Love of a fair trial. The prejudice to Love, if any, was insignificant given both the strength of the evidence against him and the admission of evidence at trial of the harmful effects of cocaine. See id. at 91; United States v. Harvey, 756 F.2d 636, 648 (8th Cir. 1985) (government's reference to the effects of marijuana mixed with another drug were not objectionable where some testimony regarding effects of drugs was adduced at trial).

**V.**

Finally, pointing to the increased penalties for cocaine base as compared to powder cocaine, Macklin challenges his sentence for possession of cocaine base with intent to distribute on equal protection and rule-of-lenity grounds. Macklin's arguments lack merit. This Court has consistently rejected the equal protection claim that he raises. See, e.g., United States v. White, 81 F.3d 80, 84 (8th Cir. 1996); United States v. Delaney, 52 F.3d 182, 189 (8th Cir.), cert. denied, 116 S. Ct. 209 (1995); United States v. Clary, 34 F.3d 709, 710-14 (8th Cir. 1994), cert. denied, 115 S. Ct. 1172 (1995). Macklin's rule-of-lenity argument is similarly foreclosed. See White, 81 F.3d at 84; United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir. 1995), cert. denied, 116 S. Ct. 966 (1996).

**VI.**

For the foregoing reasons, the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.