# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-3681

_____

United States of America,       *
                                            *

         Appellee,             *

                                              *   Appeal from the United States

     v.                         *   District Court for the

                                              *   Eastern District of Missouri.

Derek Conway,                    *

                                              *        [UNPUBLISHED]

         Appellant.           *

_____

Submitted:   March 26, 1997

Filed:   April 1, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Derek Conway appeals the 120-month statutory minimum sentence imposed by the District Court[1] after he pleaded guilty to conspiring to distribute and possess with intent to distribute more than one kilogram of heroin and cocaine, in violation of 21 U.S.C. § 846 (1994). Conway contends the court erred in considering as relevant conduct firearms discovered during searches of his residence, and in imposing a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) for possessing firearms. He further argues the court erred in denying him relief

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

under the so-called "safety-valve" provision of U.S. Sentencing Guidelines Manual § 5C1.2 (1995). Conway also appears to argue that the court sentenced him based on unreliable hearsay testimony, that the court denied him the right to confront witnesses at sentencing, and that the government denied him discovery. We affirm.

The record indicates that during the time frame of the conspiracy, firearms, drug materials, and drug records were discovered at Conway's residence, and his residence was the site of at least one drug transaction. Thus, we conclude the District Court did not clearly err in considering whether these firearms made him eligible for a firearm-possession enhancement and ineligible for safety-valve relief. See U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A) (1995) (sentence shall be determined on basis of "all acts . . . committed . . . by the defendant . . . that occurred during the commission of the offense of conviction"); United States v. Ballew, 40 F.3d 936, 943 (8th Cir. 1994) (standard of review), cert. denied, 115 S. Ct. 1813 (1995).

We further conclude that the District Court did not clearly err by imposing the firearm-possession enhancement. See U.S. Sentencing Guidelines Manual § 2D1.1 commentary, n.3 (1995) (enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense"); United States v. Macklin, 104 F.3d 1046, 1048 (8th Cir. 1997) (standard of review); United States v. Williams, 10 F.3d 590, 595-96 (8th Cir. 1993); United States v. Hammer, 3 F.3d 266, 270 (8th Cir. 1993), cert. denied, 510 U.S. 1139 (1994). Finally, we conclude that the District Court did not err in denying Conway safety-valve relief. See U.S. Sentencing Guidelines Manual § 5C1.2(2) (1995) (court may sentence defendant without regard to statutory minimum sentence if, among other things, defendant did

not possess firearm in connection with offense); <u>United States v. Burke</u>, 91 F.3d 1052, 1053 (8th Cir. 1996) (per curiam).  We conclude Conway's other arguments are without merit.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-