112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Devyn GARNER, Defendant-Appellant.
 No. 96-50403.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Devyn Garner appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to possession of methamphetamine with the intent to distribute and possession of an unregistered firearm. He contends that the district court erred in enhancing his sentence for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1) because he was a gun collector and he was unarmed when he sold methamphetamine to a confidential informant. We review for clear error, see United States v. Pitts, 6 F.3d 1366, 1372 (9th Cir.1993), and affirm.
 
 
 3
 U.S.S.G. § 2D1.1(b)(1) provides for a two-point upward adjustment in a defendant's base offense level for possession of a firearm. "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment. (n. 3).
 
 
 4
 When Bureau of Alcohol, Tobacco and Firearms agents executed a search warrant at Garner's hotel room, they recovered over 150 grams of methamphetamine. They also recovered nine firearms, some of which were loaded and operable. Garner admitted owning all but one of the firearms. Under these facts, the district court's finding that it was not "clearly improbable" that the firearms were connected with Garner's drug activities was not clearly erroneous. See Pitts, 6 F.3d at 1372.
 
 
 5
 Garner asks us to reject our prior precedent and adopt the standard established by the Eighth Circuit, which places the burden on the government to prove that "it is not clearly improbable that the weapon had some nexus with criminal activity." See United States v. Shields, 44 F.3d 673, 674 (8th Cir.1995) (citations omitted). We cannot reconsider or overrule the decision of a prior panel of this court. See United States v. Gay, 967 F.2d 322, 327 (9th Cir.), cert. denied, 506 U.S. 929 (1992).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3