United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1802
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Rickie T. Dunning, | * | Southern District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: July 21, 1997
Filed: July 25, 1997
_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

After Rickie Dunning sold cocaine base to a confidential informant out of a home in which Dunning was residing, authorities executed a search warrant and discovered cocaine base, cash, and a loaded .357 caliber revolver on a bedroom closet shelf. Dunning later pleaded guilty to possessing cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court[1] calculated a sentencing range of 135 to 168 months--

_____

[1]The Honorable R. E. Longstaff, United States District Judge for the Southern District of Iowa.

which included a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) (two-level enhancement for possession of dangerous weapon)-- and sentenced Dunning to 135 months imprisonment and five years supervised release. Dunning's sole argument on appeal is that the district court should not have enhanced his sentence, as he lacked knowledge of the revolver's presence, and thus could not be deemed to have possessed the gun.

We find no clear error in the district court's determination that it was not clearly improbable the revolver was connected with the offense. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.3) (1995); United States v. Vaughn, 11 F.3d 610, 616 (8th Cir. 1997) (standard of review). The revolver was found on the same closet shelf as the drugs and the cash Dunning admitted were his; moreover, the closet was located in the home in which Dunning had been living and had stored drugs, and from which he had sold cocaine base. See United States v. Macklin, 104 F.3d 1046, 1048 (8th Cir. 1997). We also conclude Dunning's professed lack of knowledge as to the presence of the revolver did not bar the district court from assessing the enhancement. See United States v. McCracken, 110 F.3d 535, 541 (8th Cir. 1997) (defining constructive possession); United States v. Payne, 81 F.3d 759, 762-63 (8th Cir. 1996) (§ 2D1.1(b)(1) enhancement proper even though defendant claimed government did not prove he knew about firearm's presence).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.