# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2630

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Mariano Valles-Herrera, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   December 30, 2002

Filed:   January 10, 2003

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Mariano Valles-Herrera pleaded guilty to conspiring to distribute and to possess with intent to distribute a mixture or substance containing 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and he was sentenced to 168 months imprisonment and five years supervised release. On appeal, Valles-Herrera argues the district court* erroneously imposed a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the commission of the

_____

*The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

offense. We disagree. The district court was presented with evidence Valles-Herrera lived in the residence in which the firearm was found, <u>see</u> <u>United States v. Boykin</u>, 986 F.2d 270, 274 (8th Cir.), <u>cert. denied</u>, 510 U.S. 888 (1993), and the firearm was in plain sight in the living room, making it accessible to protect the drugs, drug paraphernalia, and drug money also found in the residence, <u>see</u> U.S.S.G. § 2D1.1, comment. (n.3); <u>United States v. Macklin</u>, 104 F.3d 1046, 1048 (8th Cir.), <u>cert. denied</u>, 522 U.S. 891 (1997).

We thus affirm Valles-Herrera's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.