# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3039

_____

United States of America,      *
     *
        Appellee,      *
     *    Appeal from the United States
v.      *    District Court for the
     *    Western District of Arkansas
Frederick O. Bogar,      *
     *     [UNPUBLISHED]
        Appellant.      *

_____

Submitted: December 27, 2002

Filed: January 10, 2003

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Frederick O. Bogar appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas after he pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced appellant to 144 months imprisonment, 3 years supervised release and a $3,500 fine. For reversal appellant argues the district court erred in applying an increase under

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with the offense. For the reasons discussed below, we affirm the judgment of the district court.

We find no clear error in the district court's application of the increase. See United States v. Frazier, 280 F.3d 835, 853 (8th Cir.) (standard of review), cert. denied, 122 S. Ct. 2606 (2002). The evidence introduced at sentencing showed that there had been drug activity at Bogar's residence, and officers searching the residence found a .357 Magnum pistol stuffed into a couch, near Bogar and a quantity of crack cocaine. See U.S.S.G. § 2D1.1, comment. (n.3) (firearm adjustment should be applied if weapon was present, unless it is clearly improbable that weapon was connected with offense); United States v. Macklin, 104 F.3d 1046, 1048 (8th Cir.) (holding no clear error in applying increase, given proximity of firearms to drugs, ease with which defendants could access firearms, ongoing drug trafficking at residence, and likely need for defendants to protect drugs and cash found at residence), cert. denied, 522 U.S. 891 (1997). Even if Bogar did not actually possess the gun--as he contends--he was present when his son tried to hide it in the couch, and both the gun and the drugs were found in his residence. See United States v. Payne, 81 F.3d 759, 762 (8th Cir. 1996).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.