# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-3750

———————

United States of America,

        Appellee,

v.

Andrew Norman Overbeck,

        Appellant.

Appeal from the United States
District Court for the
Southern District of Iowa.

[UNPUBLISHED]

———————

Submitted:  June 11, 2003

Filed:  July 3, 2003

———————

Before MORRIS SHEPPARD ARNOLD, HEANEY and RILEY, Circuit Judges.

———————

PER CURIAM.


Andrew Norman Overbeck pled guilty to one count of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The district court[1] increased Overbeck's offense level by two levels pursuant to USSG §2D1.1(b)(1), for possession of a firearm. Overbeck challenges the application of the enhancement, arguing that the firearms were intended for hunting and had no

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

connection or application to his drug offense. Because the district court was not clearly erroneous in applying the enhancement, we affirm.

The instant offense stemmed from a series of arrests and encounters with law enforcement that established a conspiracy to distribute methamphetamine from August, 2000, until February, 2001. On January 2, 2001, Overbeck was stopped by Des Moines police because he was driving a Chevrolet Blazer that matched the description of a Blazer that had been stolen the prior evening. Overbeck was found to be driving while barred and arrested. A subsequent search of his vehicle revealed six bottles of psuedo-ephedrine tablets, pipe fittings, hoses, three shotguns, and $9,000 in cash.

The only issue raised in this appeal is whether the three shotguns found in Overbeck's car should count as firearms for the purpose of enhancing his sentence pursuant to §2D1.1(b)(1)(A). We review a district court's application of the Sentencing Guidelines for clear error. United States v. Hayes, 15 F.3d 125, 127 (8th Cir. 1994). The pertinent guideline language states that "[i]f a dangerous weapon (including a firearm) was possessed, increase [the offense level] by two levels." USSG §2D1.1(b)(1)(A). Application note 3 of the Commentary to §2D1.1 explains: "[T]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet."

We have consistently held that in order for §2D1.1(b)(1) to apply, the government must prove by a preponderance of the evidence that a dangerous weapon was present when the crimes were committed, and that it was not clearly improbable that the weapon had some nexus with the criminal activity. See United States v. Shields, 44 F.3d 673, 674-75 (8th Cir. 1995) (holding enhancement not appropriate because firearms were seized from defendant's home thirty-seven days after last known drug sale occurred); see also United States v. Bost, 968 F.2d 729, 731-33 (8th

Cir. 1992) (holding enhancement not appropriate because of two and one-half month lapse between the criminal activity and the discovery of the weapons, and no evidence that weapons were present when defendant committed charged offense). In a conspiracy case such as this, "the government must also establish that the weapon was possessed by the defendant during the period of the conspiracy and that it was connected to the activity of the conspiracy." United States v. Harris, 310 F.3d 1105, 1112 (8th Cir. 2002). Determining whether the firearms in a case such as this are "connected" can become a tricky analysis. The Third Circuit provided a useful tool when it enumerated four variables that courts can rely upon in determining whether a weapon could have some nexus with a drug conspiracy. United States v. Drozdowski, 313 F.3d 819 (3d Cir. 2002). Those variables consider: (1) the type of gun used, "with clear improbability less likely with handguns than with hunting rifles"; (2) whether the gun was loaded; (3) whether the gun was stored near drugs or drug paraphernalia; and (4) whether the gun was accessible. Id. at 822.

In this case, three shotguns were present in Overbeck's vehicle. They were unloaded, but they were found along with drug paraphernalia necessary to produce methamphetamine. Although the court could infer a hunting purpose from the nature of the shotguns, their proximity to drug paraphernalia and their accessibility at least make it possible they served a dual purpose as tools in Overbeck's drug trade. Given our standard of review, we cannot say it was clearly erroneous for the district court to apply the two-level enhancement.

For the foregoing reasons, we affirm the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-